# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDE CARR,<br><br>    Plaintiff,<br><br>v.<br><br>M. ALCALA, et al.,<br><br>    Defendants. | Case No. 1:14-cv-01823-LJO-SAB-PC<br><br>FINDINGS AND RECOMMENDATION THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED AND THAT THIS ACTION COUNT AS A STRIKE UNDER 28 U.S.C. §1915(g).<br><br>OBJECTIONS DUE IN THIRTY DAYS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

**I.**

**SECOND AMENDED COMPLAINT**

This action proceeds on the March 23, 2015, second amended complaint, filed in response to the February 19, 2015, dismissing the first amended complaint and granting Plaintiff leave to file an amended complaint. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at the Substance Abuse Treatment Facility at Corcoran, brings this lawsuit against correctional officials employed by the CDCR at CSP Corcoran. In the first amended complaint and in the second amended complaint now before the Court, Plaintiff names as Defendants Mailroom Supervisor M. Alcala, Correctional Counselor J. Sasso, and Associate Warden J. Collins.

In the first amended complaint, Plaintiff alleged that on May 15, 2014, he mailed a civil

1

rights complaint to the U.S. District Court for the Central District of California.  As of July 6, 2014, Plaintiff had not received any confirmation that the complaint had been received or filed.  On July 9, 2014, the court confirmed that it had not received a complaint from Plaintiff.  Plaintiff filed an inmate grievance, and was interviewed at the first level of review by Defendant Alcala.  Although Alcala denied Plaintiff's grievance, he did agree that Plaintiff placed the complaint in the mail.  Plaintiff's appeal was denied at the second level by Defendant Sasso.  Plaintiff claimed that he was denied access to the courts in violation of the First Amendment and that Defendants subjected him to a denial of equal protection and due process.  In the second amended complaint, Plaintiff again sets forth claims of access to courts, equal protection, and due process.

## II.

## ANALYSIS

### A. Access to Courts

Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey, 518 U.S. 343, 346 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009).  However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation."  Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011)(citing Lewis, 518 U.S. at 348)(internal quotation marks omitted); Christopher v. Harbury, 536 U.S. 403, 415(2002).

Plaintiff was advised of the above standard in the February 19, 2015, screening order.  (ECF No. 18, 3:10.)  Plaintiff failed to allege any facts in the first amended complaint suggesting conduct by Alcala that interfered with Plaintiff's ability to file his lawsuit.  In the second amended complaint, Plaintiff re-states the allegations of the original complaint, but fails to allege any specific conduct by Alcala indicating that he intentionally interfered with Plaintiff's ability to litigate.  The only conduct charged to Alcala is that he denied Plaintiff's grievance at the first level, but agreed that Plaintiff did indeed mail the complaint.  In the second amended complaint, Plaintiff adds no new facts.  Plaintiff indicates that Alcala must be responsible because he was the mailroom supervisor at the time.

1      Government officials may not be held liable for the actions of their subordinates under a
2 theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009).  Since a government
3 official cannot be held liable under a theory of vicarious liability for section 1983 actions,
4 Plaintiff must plead that the official has violated the Constitution through his own individual
5 actions. Id. at 673.  In other words, to state claim for relief under section 1983, Plaintiff must
6 allege facts linking Defendant Alcala with some affirmative act or omission that demonstrates a
7 violation of Plaintiff's federal rights.   Plaintiff has failed to do so here.  There are no facts
8 alleged indicating that Alcala engaged in any specific conduct that frustrated Plaintiff's ability to
9 pursue his lawsuit.  This claim should therefore be dismissed.

10     **B.  Equal Protection**

11      The Equal Protection Clause requires that persons who are similarly situated should be
12 treated alike.  City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985);
13 Shakur v. Schiriro, 514 F.3d 878, 891 (9th Cir. 2008).  A plaintiff may establish an equal
14 protection claim by showing that the plaintiff was intentionally discriminated against on the basis
15 of his membership in a protected class.  Comm. Concerning Cmty. Improvement v. City of
16 Modesto, 583 F.3d 960, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071, 1082 (9th
17 Cir. 2003), or that similarly situated individuals were intentionally treated differently without a
18 rational relationship to a legitimate state purpose.  Engquist v. Oregon Dept. of Agr., 553 U.S.
19 591, 601-02 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Lazy Y Ranch
20 Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526
21 F.3d 478, 486 (9th Cir. 2008).

22      In the February 19, 2015, screening order, Plaintiff was advised of the above standard.
23 (ECF No. 18, 4:13.)   Plaintiff was advised that the had not alleged any facts suggesting that he
24 was intentionally discriminated against based upon his membership in a protected class, nor had
25 Plaintiff alleged any facts indicating that similarly situated individuals were intentionally treated
26 differently without a rational relationship to a legitimate state purpose.  In the second amended
27 complaint, Plaintiff fails to correct this deficiency.  The only conduct charged to any of the
28 Defendants is their participation in the grievance process.  This claim should therefore be

dismissed.

### C. Grievance Process

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209 (2005). Plaintiff does not have a protected liberty interest in processing his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals. Ramirez v.Galaza, 334 F.3d 850, 860 (9th Cir. 2003)(citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Plaintiff was advised of this in the February 19, 2015, screening order. (ECF No. 18, 4:26.) In the second amended complaint, Plaintiff alleges that Defendant Jasso improperly denied his grievance on the ground that it contained multiple issues. The only conduct charged to Defendant Jasso is his participation in the inmate grievance process. This claim should therefore be dismissed.

### D. Supervisory Liability

As to Associate Warden Collins, Plaintiff has not alleged any conduct. As noted above, a supervisory official cannot be held liable under section 1983 for the conduct of their subordinates. Iqbal, 566 U.S. at 673. In order to hold Associate Warden Collins liable, Plaintiff must allege facts indicating that he personally participated in the deprivation at issue. Plaintiff has failed to allege any conduct as to Defendant Collins. Associate Warden Collins should therefore be dismissed.

### III.

### CONCLUSION AND RECOMMENDATION

By order filed February 19, 2015, the Court dismissed the first amended complaint for Plaintiff's failure to allege facts sufficient to state a claim and directed Plaintiff to file an amended complaint that cured the deficiencies identified by the Court. In the February 19, 2015, order, the Court informed Plaintiff of the deficiencies in his complaint, and dismissed the complaint on the ground that Plaintiff had failed to state a claim upon which relief could be granted. Because Plaintiff has not cured the defects in the second amended complaint, the Court

recommends dismissal of this action with prejudice for failure to state a claim upon which the Court could grant relief.

Plaintiff was previously notified of the applicable legal standard and the deficiencies in his pleading. Despite guidance from the Court, Plaintiff's second amended complaint fails to state a claim for relief. Based upon the allegations in the first amended complaint and second amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for relief, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013)("A district court may deny leave to amend when amendment would be futile.")  Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-1449 (9th Cir. 1987).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim upon which relief can be granted, and that this action count as a strike under 18 U.S.C. § 1915(g).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 18 U.S.C. § 636(b)(1)(B). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of rights on appeal. Wilkerson v. Wheeler, 77 F.3d 834 (9th Cir. 2014)(citing Baxter v. Sullivan), 923 F.2d 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 19, 2016**                                              
                                              UNITED STATES MAGISTRATE JUDGE